**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4404**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

         v.

SHAWN HORTON,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, Chief District
Judge.  (4:12-cr-00576-TLW-6)

Submitted:  October 17, 2013          Decided:  October 21, 2013

Before AGEE, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Thomas McBratney, III, MCBRATNEY LAW FIRM, PA, Florence,
South Carolina, for Appellant.   Alfred William Walker Bethea,
Jr., Assistant United States Attorney, Florence, South Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn Horton pled guilty pursuant to a plea agreement to one count of conspiracy to possess with intent to distribute powder cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2006), and was sentenced to 192 months in prison. Horton's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning whether the district court: (1) complied with Fed. R. Crim. P. 11 when the court accepted Horton's guilty plea; (2) erred in denying Horton's motion for a downward departure sentence; and (3) properly determined that Horton was a career offender. Horton has not filed a pro se supplemental brief, despite receiving notice of his right to do so, and the Government has declined to file a responsive brief. We affirm.

The purpose of the Rule 11 colloquy is to ensure that the defendant knowingly and voluntarily enters the guilty plea. See United States v. Vonn, 535 U.S. 55, 58 (2002). Thus, before accepting a guilty plea, a trial court must inform the defendant of, and determine that he understands the nature of, the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine whether there is a factual basis for

2

the plea.  Id.; United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991).

There is a strong presumption that a defendant's guilty plea is binding and voluntary if the Rule 11 hearing was adequate.  United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995).  Additionally, in the absence of a motion to withdraw a guilty plea in the district court, we review for plain error the adequacy of the guilty plea proceeding under Rule 11.  United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002).  "To establish plain error, [Horton] must show that an error occurred, that the error was plain, and that the error affected his substantial rights."  United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007).  Even if Horton satisfies these requirements, "correction of the error remains within our discretion, which we should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  Id. (internal quotation marks and citation omitted).

Horton has not presented any evidence or argument to demonstrate plain error.  Indeed, the record reveals that the district court fully complied with Rule 11's requirements during the plea colloquy, ensuring that Horton's plea was knowing and voluntary, that he understood the rights he was giving up by pleading guilty and the sentence he faced, and that he committed

3

the offenses to which he was pleading guilty. Horton also attested during the hearing that he fully understood the ramifications of his guilty plea, and that no one made promises to him outside those made by the Government in his plea agreement. We conclude that Horton's plea was knowing, voluntary, and supported by a sufficient factual basis. Accordingly, we affirm Horton's conviction.

We review a sentence for reasonableness, applying an abuse of discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Gall, 552 U.S. at 51. We first assess whether the district court properly calculated the advisory Guidelines range, considered the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2013), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-51; United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010). If the sentence is free of significant procedural error, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards

4

set forth in § 3553(a)." <u>United States v. Mendoza–Mendoza</u>, 597 F.3d 212, 216 (4th Cir. 2010).

In this case, the district court properly calculated Horton's Guidelines range,[1] granted the Government's motion for a downward departure sentence,[2] treated the Guidelines as advisory, and considered the applicable § 3553(a) factors. Moreover, the record establishes that the district court based Horton's sentence on its "individualized assessment" of the facts of the case. <u>United States v. Carter</u>, 564 F.3d 325, 328 (4th Cir. 2009). Accordingly, we conclude that Horton's sentence is both procedurally and substantively reasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Horton, in writing, of the right to petition the Supreme Court of the United States for further review. If Horton requests that a petition be filed, but

---

[1] We discern no error in the district court's decision to classify Horton as a career offender. <u>See</u> <u>U.S. Sentencing Guidelines Manual</u> § 4B1.2 cmt. n.1 (2012); <u>United States v. Allen</u>, 446 F.3d 522, 529-30 (4th Cir. 2006).

[2] We may not review the district court's decision to deny Horton's motion for a downward departure. <u>United States v. Brewer</u>, 520 F.3d 367, 371 (4th Cir. 2008) ("We lack the authority to review a sentencing court's denial of a downward departure unless the court failed to understand its authority to do so.").

5

counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Horton. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED